## CIRCUIT COURT OF FAIRFAX COUNTY

Jose V. Basurto
and Fabiola S. Basurto

v.

Jeffrey N. Silverstein et al.

### May 10, 1995

### Case No. (Law) 134425

BY JUDGE THOMAS S. KENNY

This matter is before the court on defendants' demurrers and pleas in bar to plaintiffs' motion for judgment. Plaintiffs Jose and Fabiola Basurto defaulted on a note in the amount of $17,000 secured by a third deed of trust on their property. The noteholder, defendant Helen Goetzke, in her capacity as Trustee for George D. Goetzke, (hereinafter "Ms. Goetzke"), appointed defendants Jeffrey Silverstein and Mitchell Mutnick as substitute trustees and directed them to foreclose on the property. Mr. Silverstein personally conducted the foreclosure sale and accepted Goetzke's $130,000 offer as the winning bid. Ms. Goetzke, however, has refused to settle on the property.

The property was offered subject to any senior deeds of trust. Accordingly, Ms. Goetzke's bid was for $130,000 plus assumption of the first deed of trust in an amount just under $125,000, a second deed of trust in the amount of $58,000, and a third deed of trust in the amount of $17,000. Thus, the total acquisition price was approximately $330,000. Presumably, this bid exceeded the fair market value of the property and was far more than Ms. Goetzke intended to pay for the property. On petition from the trustees for aid and direction, a chancery court declared the foreclosure sale valid. *In re 8683 Young Court, Springfield, Va.*, 33 Va. Cir. 204 (1994). The holder of the second deed of trust foreclosed on the property while the chancery court's decision was being appealed.

The trustees have not taken any action to enforce the sale and have not conducted a second foreclosure auction. Plaintiffs seek money damages in the amount of $130,000, claiming Ms. Goetzke breached the contract of sale and Mr. Silverstein and Mr. Mutnick breached their fiduciary duties in failing to enforce the contract.

Ms. Goetzke demurs to the breach of contract claim on the ground that plaintiffs are not parties to the sales contract. As a second ground for her demurrer and a basis for her plea in bar, Ms. Goetzke contends that plaintiffs first breached their contractual obligations by defaulting on the note and therefore cannot maintain an action for an alleged subsequent breach.

Defendants Mr. Silverstein and Mr. Mutnick base their demurrer and plea in bar on the economic loss rule which precludes plaintiffs from recovering economic damages in tort in the absence of privity of contract. Mr. Silverstein and Mr. Mutnick also assert that the plaintiffs cannot recover the damages requested because the parties did not contemplate a ·$130,000 recovery when they entered into the deed of trust securing a $17,000 note.

After hearing oral arguments on January 27, 1995, I took the matter under advisement. For the reasons set forth below, I overrule the demurrers and pleas in bar.

Both parties acknowledge the basic premise that at a foreclosure sale the debtors' equitable title in the property is extinguished once the auctioneer accepts the winning bid and the memorandum of sale is signed. *Abdelhaq v. Pflug*, 82 B.R. 807, 810 (E.D. Va. 1988). Defendants, however, infer from this that the debtors have no standing to sue on the contract of sale formed at the foreclosure auction. The only parties to the contract, according to defendants, are the auctioneer and the highest bidder. In essence, defendants contend that since the purpose of a foreclosure sale is to terminate the debtors' rights in the property, the debtors cannot claim as a consequence of such sale any new rights with respect to the property, including the right to collect on the proceeds from the sale of the property.

While defendants recognize the well-settled principle that a trustee executing under a deed of trust acts as agent for both debtor and creditor, *Yaffe v. Heritage Savings & Loan*, 235 Va. 577, 583 (1988), *Feldman v. Rucker*, 201 Va. 11, 20 (1959), they dispute whether the agency of the trustee makes the debtors parties to the contract of sale. Defendants assert that the substitute trustees serve as the debtors' agents at the foreclosure auction for the limited purpose of bringing the property to hammer and

obtaining the best price possible. When the trustee acts as the auctioneer, as Mr. Silverstein did in this case, he also assumes the auctioneer's agency on behalf of the highest bidder for the sole purpose of binding the purchaser to memorandum of sale. *Yaffe*, 235 Va. at 583. Defendants maintain that no case law states that the trustee holds any authority to bind the debtors to the contract of sale. Apparently, they believe the agency of the trustee on behalf of the debtor ends once the trustee brings the property to hammer.

The Supreme Court, however, explicitly stated in *Yaffe* that a trustee assumes the "auctioneer's position of agency for buyer *as well as for debtor and creditor*" during the brief time from the fall of the hammer until the closing of the sale. *Id.* (Emphasis added.) The clear import of the court's statement is that the trustee continues to act as the debtor's agent up to the time of closing when the deed is delivered to the buyer.

Accordingly, I find that Mr. Silverstein acted as the plaintiffs' agent when he made the memorandum of sale, thereby making them parties to the contract. Having determined that plaintiffs are parties to the contract of sale, I also find that the economic loss rule does not apply to this case. Ms. Goetzke's demurrer to the breach of contract claim on the ground first cited in her memorandum and the trustees' demurrer and plea in bar to breach of fiduciary duty claim are therefore overruled.

As an alternative ground for her motions, Ms. Goetzke contends that plaintiffs cannot maintain a claim for the breach of the sales contract because they were first in breach by their default on the note. The note, however, is a separate agreement from the contract formed at the foreclosure sale. Where two different contracts are involved, plaintiffs' default on the former does not constitute a breach of the latter. Similarly, the parties' expectations concerning one contract does not determine their expectations regarding a second, separate agreement. Thus, the alternative bases offered by Ms. Goetzke and the substitute trustees for their respective demurrers and pleas in bar must fail on the same ground that two different contracts have been alleged.